United States District Court
Southern District of Texas
**ENTERED**
December 14, 2018
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### MCALLEN DIVISION

| | | |
|---|---|---|
| **OCIEL CASTANEDA** | § | |
| | § | |
| **Petitioner,** | § | |
| **V.** | § | **CIVIL ACTION NO. 7:18-CV-00017** |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | | |
| **Correctional Institutions Division,** | | |
| | | |
| **Respondent.** | | |

## REPORT AND RECOMMENDATION

Petitioner Ociel Castaneda, a state prisoner proceeding pro se, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1).[1]  This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

After a careful review of the record and relevant law, the undersigned recommends that Respondent's motion for summary judgment (Dkt. No. 11) be **GRANTED**, that Petitioner's § 2254 petition (Dkt. No. 1) be **DENIED**, and that Petitioner's claims be **DISMISSED** with prejudice.  It is further recommended that a Certificate of Appealability be **DENIED** and that the case be closed.

## I.   PROCEDURAL HISTORY AND SUMMARY OF THE PLEADINGS

On June 8, 2015, Petitioner was convicted of first-degree murder in the 370th Judicial District Court of Hidalgo County, Texas. (Dkt. No. 11-1).  Petitioner was sentenced to a 25-year

---

[1] Petitioner's pleadings were submitted on a form entitled, "Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction under Code of Criminal Procedure, Article 11.07." Although this title includes the relevant rule for filing a state habeas corpus petition, the undersigned construes Petitioner's filings to be § 2254 petitions.

term of imprisonment. (*Id.*).

Petitioner did not appeal his conviction or sentence. (Dkt. No. 1 at 3; Dkt. No. 11 at 4).

Petitioner has not filed a petition for writ of habeas corpus in state court. (Dkt. No. 1 at 3; Dkt.

No. 11 at 4).

Petitioner filed two, nearly identical § 2254 petitions, which were consolidated into the

instant case. (*See* Dkt. No. 6). Between the two, he raises several claims. Petitioner claims that:

- the prosecution withheld exculpatory evidence, (Dkt. No. 1 at 6);
- the State failed to preserve important evidence, (*id.*);
- Petitioner was denied "needed expert assistance" at trial, (*id.*);
- hearsay evidence was improperly admitted at trial, which violated Petitioner's Sixth Amendment right to confrontation, (*id.*);
- Petitioner was denied the opportunity to cross-examine a witness, (*id.* at 8);
- a witness presented false testimony after being granted leniency for testifying against Petitioner, (*id.* at 8);
- black and female prospective jurors were systematically excluded from the grand jury in violation of the Fourteenth Amendment, (*id.* at 10);
- the jury instructions failed to state that the prosecution carried the burden of proving all elements beyond a reasonable doubt and that Petitioner enjoyed a presumption of innocence, (*id.*);
- the evidence was insufficient to support the jury's verdict, (*id.*);
- the community from which the jury was pulled was biased against Petitioner because of "inflammatory media accounts" about his case, (Case No. 7:17-MC-01836, Dkt. No. 1 at 10);
- counsel was ineffective for failing to object to or suppress evidence admitted at trial, (*id.* at 14);
- counsel was ineffective because he provided "poor representation," (Dkt. No. 1 at 12);
- the judge was biased against Petitioner because Petitioner did not bribe him, (Case No. 7:17-MC-01836, Dkt. No. 1 at 11);
- Petitioner was convicted in violation of Double Jeopardy because he had a first trial, (*id.* at 12); and
- Petitioner was convicted in violation of Double Jeopardy after his first conviction was vacated by a reviewing court, (*id.*).

The State raises two procedural bars in its motion for summary judgment. First,

Petitioner's § 2254 petition is untimely. (Dkt. No. 11 at 6-9). Second, his claims are unexhausted.

(*Id.* at 9-10).  The State asks that the § 2254 petition be dismissed with prejudice as time bared or without prejudice as unexhausted.  (*Id.* at 10).

Petitioner has not replied to the State's motion.

## II.  TIMELINESS

Motions filed under 28 U.S.C. § 2254 are subject to a one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  The limitations period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The undersigned finds that the only applicable limitations period is the date on which the judgment of conviction became final under § 2244(d)(1)(A).[2]  Petitioner was convicted on June 8, 2015.  (Dkt. No. 11-1).  A defendant has 30 days after the day the sentence was imposed to file a notice of direct appeal.  Tex. R. App. P. 26.2(a)(1).  Because Petitioner did not file a direct appeal, his conviction and sentence became final on July 8, 2015.[3]  Petitioner had one year from the date

---

[2] Petitioner does not allege that he was prevented from seeking relief by any improper government action or impediment.  *See* 28 U.S.C. § 2244(d)(1)(B).  Likewise, he does not allege a claim based on a newly recognized constitutional right or facts that could not have been discovered previously if due diligence had been exercised.  *See* 28 U.S.C. § 2244(d)(1)(C)-(D).

[3] The state record shows that Petitioner waived his right of appeal.  *See* Trial Court's Certification and Notification of Defendant's Right of Appeal, *State v. Castaneda*, No. CR-3342-14-G (370th Dist. Ct.,

of finality to file his federal habeas petition. Petitioner's one-year limitations period ran from this date until it expired on July 7, 2016.[4]

"[P]ro se prisoners' filings are governed by the mailbox rule. Thus, they are deemed 'filed as soon as the pleadings have been deposited into the prison mail system.' " *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011). Petitioner signed and dated his earlier petition on October 16, 2017. (Case No. 7:17-MC-01836, Dkt. No. 1). The State argues that, because Petitioner did not indicate that this was the date he placed his petition in the prison mail system, the effective date of filing should be October 19, 2017, the date Petitioner's earlier § 2254 petition was stamped and docketed by the clerk's office. However, it is not necessary to decide this issue because even giving Petitioner the benefit of the earlier date—October 16, 2017—Petitioner's § 2254 petition is untimely by over a year.

The § 2254 petition is time barred unless some exception, such as equitable tolling or fundamental miscarriage of justice, applies.

## A. Equitable Tolling

The statute of limitations found in the AEDPA may be equitably tolled where the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

Hidalgo County, Tex. June 8, 2015). Arguably, Petitioner's sentence became final on the date his sentence was imposed because he had waived his right to appeal. *See Chacon v. Stephens*, No. 4:13-CV-2184, 2014 WL 3543722, at *3 (S.D. Tex. July 14, 2014) (waiver caused conviction to become final immediately upon entering guilty plea). *But see Hughes v. Dretke*, No. 4:04-CV-0802-Y, 2004 WL 2921841, at *5 (N.D. Tex. Dec. 15, 2004) (plea bargain waiver is irrelevant to calculating limitations period). This is an unsettled area in the law, and the undersigned will err on the side of caution by giving Petitioner the benefit of the 30 days. *See Barnes v. Mossburger*, No. 3:15-CV-4021-D (BH), 2018 WL 1449398, at *2 (N.D. Tex. Feb. 16, 2018) ("There is a split among federal courts in Texas about when a judgment becomes final in cases where, as here, a petitioner waives the right to appeal."); *Whittle v. Stephens*, No. 3:15-CV-1783-L, 2015 WL 3884221 at *3-4 (N.D. Tex. June 22, 2015) (collecting cases).

[4] The AEDPA one-year period of limitation is calculated by not counting the day of the event from which the designated period of time begins to run, or in other words, by using the "anniversary date" method. *Flanagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998). The year 2016 was a leap year. As such, the limitations period expired one day earlier than normal, on July 7, 2016.

circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). Petitioner noted that his application concerns an "out-of-time appeal or petition for discretionary review." (Dkt. No. 1 at 1). Petitioner, however, offered no explanation for his untimeliness. Petitioner has not filed a response to the State's motion and he does not otherwise show that equitable tolling is warranted.

### B. Fundamental Miscarriage of Justice

The fundamental miscarriage of justice exception requires a credible showing of actual innocence, which can "allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.*; *see Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence."). Petitioner has not filed a response to the State's motion and does not plead that he is actually innocent.

Without any discernable basis to escape the statute of limitations, the undersigned must conclude that Petitioner's § 2254 petition is untimely and should be denied.

### III. FAILURE TO EXHAUST

The State also raises failure to exhaust as a procedural bar. The Supreme Court has "long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "The exhaustion requirement is excused only in those 'rare cases where exceptional circumstances of peculiar urgency' mandate federal court interference." *Deters v.*

*Collins*, 985 F.2d 789, 795 (5th Cir. 1993). "Based upon section 2254, if a state fails to satisfactorily protect a prisoner's right to review, federal courts are allowed to bypass the exhaustion requirement, for the exhaustion doctrine assumes that state remedies are adequate and available." *Id.*

Both Petitioner and the State indicate that Petitioner has not filed a petition for writ of habeas corpus with the Texas Court of Criminal Appeals. (Dkt. No. 1 at 3; Dkt. No. 11 at 4). The passage of time itself does not automatically foreclose state relief. Texas does not have a statute of limitations for habeas corpus petitions, only the equitable doctrine of laches. *Ex Parte Perez*, 398 S.W.3d 206, 208 (Tex. Crim. App. 2013). Petitioner has not shown that state post-conviction avenues are foreclosed, inadequate, or been attempted. Respondent is correct in that Petitioner has not exhausted state remedies and his petition should be dismissed.

Because Petitioner's habeas petition is time barred, as well, a dismissal with prejudice is appropriate.[5]

### IV. CONCLUSION

After a careful review of the record and relevant law, the undersigned recommends that Respondent's motion for summary judgment (Dkt. No. 11) be **GRANTED**, that Petitioner's

---

[5] A dismissal based on an expired statute of limitations is considered equivalent to an adjudication on the merits and therefore dismissal with prejudice is appropriate. *See Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996); *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 880 F.2d 818, 820 (5th Cir. 1989) ("[A] dismissal on statute of limitations grounds in federal court . . . is a final adjudication on the merits."); *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972); *George v. Dir., TDCJ-CID*, No. CIV.A. 6:08CV74, 2008 WL 910045, at *2 (E.D. Tex. Apr. 2, 2008) ("[T]he courts have uniformly held that dismissals based on the statute of limitations . . . are in effect adjudications on the merits, even though they do not include examinations of the merits of the underlying substantive claims presented in the petition."); *Middleton v. Cain*, No. CIV.A. 07-0706, 2007 WL 2081003, at *2 (W.D. La. July 19, 2007); *Anders v. Cockrell*, No. 3-02-CV-2513-N, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003) ("A dismissal on statute of limitations grounds is tantamount to a merits ruling.").

§ 2254 petition (Dkt. No. 1) be **DENIED**, and that Petitioner's claims be **DISMISSED** with prejudice.  It is further recommended that the case be closed.

### *Certificate of Appealability*

It is recommended that the District Court **DENY** a Certificate of Appealability.

Pursuant to 28 U.S.C. § 2253(c)(1)(A), the movant may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability." The Rules Governing Section 2254 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, The Rules Governing Section 2254 Proceedings.  Because it is recommended that Petitioner's § 2254 motion be dismissed, it must be addressed whether he is entitled to a certificate of appealability (COA).

A movant is entitled to a COA when it can be shown that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).  Because the undersigned finds that Petitioner fails to meet this threshold, it is recommended that the District Court deny a COA.

Accordingly, Movant is not entitled to a COA.

### *Notice to the Parties*

Within fourteen days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.  28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b).  Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered

in this report and from appellate review of factual findings accepted or adopted by the District

Court, except on grounds of clear error or manifest injustice.

    The clerk of this court shall forward a copy of this document to the parties by any

receipted means.

    SIGNED this 14th day of December, 2018, at McAllen, Texas.


J. SCOTT HACKER
United States Magistrate Judge